Peter SPIZZIRRI, Plaintiff,

v.

VILLAGE OF BENSENVILLE, John Geils, individually and in his official capacity as Village President, Kurt Bressner, individually and in his official capacity as Village Manager and acting Police Chief, Ray Basso, individually and in his official capacity as Village Trustee, Barbara Wanzung, individually and in her official capacity as Village Trustee, Marianne Tralewski, individually and in her official capacity as Village Trustee, Robert Strandt, individually and in his official capacity as Village Trustee, Michael Kervin, individually and in his official capacity as Village Trustee, the Village of Bensenville Board of Fire and Police Commissioners, Joseph P. Storto, in his official capacity as Chairman of the Board of Fire and Police Commissioners, David Dench, in his official capacity as a member of the Board of Fire and Police Commissioners, Michael E. Salatino, in his official capacity as a member of the Board of Fire and Police Commissioners, and Susan G. Hawkins, individually and in her official capacity as police officer, Defendants.

No. 99 C 7561.

United States District Court, N.D. Illinois, Eastern Division.

Aug. 8, 2000.

William Anthony MacKie, Richard J. Reimer, Sklodowski, Puchalski & Reimer, Chicago, IL, for Peter Spizzirri, plaintiff.

James Gus Sotos, Kimberly D. Fahrbach, Dana M. Shannon, Hervas, Sotos & Condon, P.C., Itasca, IL, Michael William Condon, Hervas, Sotos & Condon, P.C., Itasca, IL, for Village of Bensenville, John Geils, Kurt Bressner, Ray Basso, Barbara Wanzung, Peggy Walberg, Marianne Tralewski, Robert Strandt, Michael Kervin, Village of Bensenville Bd. of Fire and Police Com'rs, Joseph P. Storto, David Dench, Michael E. Salatino and Susan G. Hawkins, defendants.

## MEMORANDUM OPINION AND ORDER

GETTLEMAN, District Judge.

Plaintiff Peter Spizzirri has filed a three-count complaint against the Village of Bensenville, the Village of Bensenville Board of Fire and Police Commissioners, and John Geils, individually and in his official capacity as Village President, Kurt Bressner, individually and in his official capacity as Village Manager and acting Police Chief, Ray Basso, Barbara Wanzung, Marianne Tralewski, Robert Strandt and Michael Kervin, individually and in their official capacity as Village Trustees, Joseph P. Storto, in his official capacity as Chairman of the Board of Fire and Police Commissioners, David Dench and Michael E. Salatino, in their official capacity as a members of the Board of Fire and Police Commissioners, and Susan Hawkins, individually and in her official capacity as police officer (jointly as the "individual defendants"). Count I of the complaint asserts that defendants, under color of state law, unlawfully deprived plaintiff of property without due process, specifically the rights and benefits of the rank of sergeant, in violation of the Fourteenth Amendment. Count II alleges that defendants conspired to deprive plaintiff of property in violation of the Fourteenth Amendment. Count III alleges that defendants had no legal authority to declare plaintiff's purported promotion to the rank of sergeant "null and void" and seeks a declaratory judgment pursuant to 28 U.S.C. § 2201 that he is and has been a sergeant since September 10, 1999. Defendants Village of Bensenville and Village of Bensenville Board of Fire and Police Commissioners have moved to dismiss plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. The individual defendants have filed a separate motion to dismiss pursuant to Rule 12(b)(6). For the reasons set forth below, both motions are granted.

### Background

In August of 1997, the Village of Bensenville Board of Fire and Police Commissioners ("the Board") compiled an eligibility list for promotions to the rank of sergeant. Several officers, including plaintiff and defendant Susan Hawkins, were ranked on the eligibility list based on test scores and seniority. Plaintiff was ranked sixth on the list with a score of 87.08, while defendant Hawkins was ranked third with a score of 93.25. On or about September 10, 1999, the Board voted to promote three officers, Thomas Herion, John Lustro, and plaintiff, to the position of sergeant. On September 21, 1999, Hawkins filed a four-count verified complaint in the Circuit Court of Dupage County against the Village of Bensenville and the Board alleging, among other things, sexual discrimination. In addition, on September 21, 1999, Hawkins filed a motion for a temporary restraining order to stay the promotions of Thomas Herion, John Lustro, and plaintiff, at which the Village and the Board appeared and did not object. The court granted Hawkins' motion, enjoining and restraining the Village and the Board from promoting or swearing in any officers of the Bensenville Police Department to the rank of sergeant, until further order. At that

time, the Board had not yet issued certificates of appointment for any of the three officers who had been voted to be promoted.

To settle the sex discrimination count of Hawkins' lawsuit, the Village and the Board, defendants in the instant case, agreed that Hawkins would receive one of the appointments to the rank of sergeant. As a result, plaintiff's promotion was deemed "null and void." In response to defendants' agreement to promote defendant Hawkins over plaintiff, plaintiff filed his three-count complaint in this court, alleging that defendants unlawfully conspired to deprive him of the rights and benefits of the rank of sergeant. Defendants Village of Bensenville and the Board have moved to dismiss plaintiff's complaint with prejudice, pursuant to Fed.R.Civ.P. 12(b)(6), arguing that because he never took an oath of office for the position of sergeant, never received a certificate of appointment to the position of sergeant, and never assumed the duties of sergeant, plaintiff was never officially promoted. Therefore, according to defendants Village of Bensenville and the Board, plaintiff's complaint fails to identify either a protected property interest in a promotional appointment to the position of sergeant or a valid equal protection claim.

The individual defendants have filed a separate motion to dismiss pursuant to Rule 12(b)(6), adopting the arguments presented by defendants Village of Bensenville and the Board. In addition, the individual defendants argue that because plaintiff has already named the Village and the Board as defendants, plaintiff's official capacity claims are redundant and should be dismissed. Concerning plaintiff's individual capacity claims, the individuals defendants argue that they are entitled to qualified immunity because they did not violate any clearly established constitutional right of plaintiff, and they acted within their discretion and pursuant to Illinois Law in appointing Susan Hawkins to the position of sergeant. Finally, the individual defendants argue that defendant Susan Hawkins should be dismissed because she was not acting under color of state law when she brought the sex discrimination lawsuit against her employer.

### Legal Standard

In ruling on a motion to dismiss for failure to state a claim, the court considers "whether relief is possible under any set of facts that could be established consistent with the allegations." *Bartholet v. Reishauer A.G.,* 953 F.2d 1073, 1078 (7th Cir. 1992). A claim may be dismissed only if it is beyond doubt that under no set of facts would the plaintiff's allegations entitle him to relief. *See Travel All Over the World, Inc. v. Kingdom of Saudi Arabia,* 73 F.3d 1423, 1429–30 (7th Cir.1996). The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide its merits. *See Gibson v. City of Chicago,* 910 F.2d 1510, 1520 (7th Cir.1990). For purposes of a motion to dismiss, the court accepts the factual allegations of the complaint as true and draws all reasonable inferences in favor of the plaintiff. *See Travel All Over the World,* 73 F.3d at 1428. It should be noted, however, that "a plaintiff who files a long and detailed complaint may plead himself out of court by including factual allegations which if true show that his legal rights were not involved." *American Nurses' Association v. State of Illinois,* 783 F.2d 716, 724 (7th Cir.1986).

### Discussion

The central issue presented before this court is whether plaintiff was validly promoted to the rank of sergeant on September 10, 1999, because if not, plaintiff has no property interest in the rank, and therefore no claim upon which relief can be granted. *See generally Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). *United States v. City of Chicago,* 869 F.2d 1033 (7th Cir.1989). As the court in *Munson v. Friske,* 754 F.2d 683 (7th Cir.1985), explained, "having a property interest in a benefit involves more than having an ab-

 

stract need, desire or unilateral expectation, but rather requires a legitimate claim of entitlement to the benefit." *Id.* at 692.

The exhibits attached to plaintiff's complaint show that plaintiff was never promoted to the rank of sergeant. Exhibit B, the promotion announcement, demonstrates only that the Board had voted to appoint plaintiff to the rank of sergeant on September 10, 1999.[1] Exhibit F, the temporary restraining order, demonstrates that the state court enjoined defendants from taking the final steps necessary to promote plaintiff to the rank of sergeant. Plaintiff has not shown or alleged that the final steps to effectuate plaintiff's promotion were actually taken because he has not alleged that a certificate of appointment was issued by the Board.[2]

The final step to effectuate plaintiff's promotion having not been taken, plaintiff was not promoted to the rank of sergeant and therefore had no property interest in the rank. This conclusion is supported by the fact that the state court issued a temporary restraining order on September 21, 1999, enjoining defendants from effectuating the promotions plaintiff. If plaintiff had been promoted as of September 10, 1999, as he contends, the temporary restraining order would have been moot. The court's decision to grant the temporary restraining order supports the conclusion that plaintiff was not promoted to the rank of sergeant.

Because plaintiff was not officially promoted to the rank of sergeant, he had no property interest in the rank. *See Munson v. Friske*, 754 F.2d at 692–93. Consequently, his complaint fails to state a claim upon which relief can be granted.

### Conclusion

For the reasons set forth above, defendants' motions to dismiss pursuant to Rule 12(b)(6) are granted.

---

**1.** The promotion announcement states: "The Board of Fire and Police Commissioners voted to promote the following three officers to the position of Sergeant: Thomas Herion, John Lustro and Peter Spizzirri."

**2.** Under 65 ILCS 5/10–2.1–4 it appears that a certificate of appointment must be issued prior to the completion of a promotion. 65 ILCS 5/10–2.1–4 provides:

The sole authority to issue certificates of appointment shall be vested in the Board of Fire and Police Commissioners and all certificates of appointments issued to any officer or member of the fire or police department of a municipality shall be signed by the chairman and secretary respectively of the board of fire and police commissioners of such municipality, upon appointment of such officer or member of the fire and police department of such municipality by action of the board of fire and police commissioners.